IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ERIK COUNTS,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:25-CV-3104-L** |
| | § | |
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Southwest Airlines Co.'s ("Defendant" or "Southwest") Rule 12(b)(6) Motion to Dismiss ("Motion") (Doc. 13) filed January 23, 2026. On February 13, 2026, Plaintiff Erik Counts, ("Plaintiff" or "Mr. Counts") responded to the Motion, and on February 27, 2026, Defendant replied. After careful consideration of the Motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion and **dismisses without prejudice** this action.

## I. Procedural and Factual Background

This is an employment discrimination case. Plaintiff, a former employee of Southwest, worked for the company for approximately 23 years. Doc. 1 ¶¶ 7, 42, & 48. Mr. Counts is an African American man. *Id*. ¶ 49. He worked out of two hubs, Baltimore and Las Vegas, and on the day of his termination, he was working out of Baltimore. *Id.* ¶¶ 8-9.

According to Plaintiff's Complaint, on March 12, 2024, Plaintiff was flying from Atlanta to Baltimore, and while at the Atlanta airport, he encountered Maya Zyriek ("Ms. Zyriek"), who also worked for Southwest. *Id.* ¶¶ 11, 21, & 25. Ms. Zyriek gave Plaintiff a hug and kiss, and Plaintiff hugged and picked her up, but he did not place his hands on her bottom. *Id.* ¶¶ 26 & 40. Ms. Zyriek never objected to these actions. *Id.* ¶ 28. Ms. Zyriek informed Plaintiff that she was

going to be on his flight, the two talked while they walked to the plane, and then they did not have another conversation until after they boarded. *Id.* ¶¶ 30-35. Once they landed, Plaintiff informed Ms. Zyriek that it was good to see her, and he hoped to fly with her again. *Id.* ¶ 38. Plaintiff knew Ms. Zyriek prior to March 12, 2024, had worked a flight with her before, and would see her in different airports while changing aircrafts. *Id.* ¶¶ 11-13. During those instances where they would see each other, Plaintiff would hug and kiss Ms. Zyriek, and Ms. Zyriek would not object. *Id.* ¶¶ 14-16.

On March 25, 2024, Plaintiff was informed that there would be a fact-finding meeting regarding a sexual harassment charge brought against him by Ms. Zyriek. *Id.* ¶ 42. Southwest's Inflight Base Operations Administration Team ("BOAT") included Anthony Whaley ("Mr. Whaley"), Chad Vandenberg ("Mr. Vandenberg"), and Graham Vandergrift ("Mr. Vandergrift"). *Id.* ¶¶ 19-20. According to Plaintiff, Mr. Whaley conducted interviews with Plaintiff and Ms. Zyriek, and despite finding Plaintiff's answers credible, he ultimately decided that Plaintiff had violated Southwest's harassment policy. *Id.* ¶¶ 44 & 46. Mr. Vandenberg made the decision to terminate Plaintiff. *Id.* ¶ 48.

Plaintiff alleges that he was terminated due to his race. *Id.* ¶ 49. Mr. Whaley found that Plaintiff violated the harassment policy, and Plaintiff contends this finding was discriminatory. *Id.* ¶ 47. This is because, as Plaintiff contends, Mr. Whaley considered Plaintiff's three prior sexual harassment allegations, even though they were found to be inconclusive and should have been null and void. *Id*. He states that Mr. Vandenberg's reason for terminating him was "a pretext for unlawful race discrimination." *Id.* ¶ 51. Plaintiff contends that his termination was discriminatory because there were no witnesses to the incident and based on Southwest's progressive disciplinary policy for flight attendants, he should have only been subjected to a written warning. *Id.* ¶ 50.

Moreover, Plaintiff alleges that his prior misconduct was considered when it should not have been. *Id.* ¶ 50. Accordingly, Plaintiff contends that his termination must have been discriminatory. *Id.*

Ultimately, Plaintiff alleges that Southwest intentionally discriminated against him, and that Southwest's treatment, practices, and policies denied him the right to make and enforce contracts "as is enjoyed by white flight attendants," which was in violation of 42 U.S.C. section 1981(a). *Id.* ¶ 53.

Southwest disagrees with Plaintiff's allegations, and contends that it did not discriminate against Mr. Counts because of his race and has filed its Motion for Plaintiff's failure to state a claim upon which relief can be granted. For the reasons set forth below, the court agrees that Plaintiff has failed to state a claim upon which relief can be granted regarding his claim for racial discrimination.

## II. Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The

"[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Id*. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc*., 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp*., 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

## III. Discussion

### A. Analysis

First, the court notes that the *Conley* standard that Plaintiff cites to in his Memorandum in Response to Defendant's Motion has been abrogated by *Twombly* and *Iqbal* as discussed in the

legal standard above. *Conley v. Gibson*, 355 U.S. 41, (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007). Accordingly, the court accords no precedential value to *Conley*.

The applicable statute in this case is 42 U.S.C. § 1981(a). It provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To plead a Section 1981(a) claim for contractual discrimination, a plaintiff must allege sufficient facts to show that (1) he is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). "Although 'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss, discriminatory motive may be—and commonly is—demonstrated by circumstantial evidence." *Id.* (internal quotations omitted). With respect to his Section 1981(a) claim, Mr. Counts has the burden of pleading facts that, taken as true, permit the court to infer "that race was a but-for cause of [his] injury." *Comcast Corp. v. National Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 333 (2020). Under the but-for cause standard, "a plaintiff must demonstrate that, but for the defendant's unlawful conduct, [his] alleged injury would not have occurred." *Id*. at 332.

The problem with Plaintiff's Complaint is that each of the allegations regarding Southwest's allegedly discriminatory intent are based upon assumptions and speculation, and therefore are threadbare. Plaintiff alleges that Southwest engaged in a pattern and practice of discriminating against African American flight attendants, which was primarily orchestrated by its BOAT. *Id.* ¶¶ 18-19. The BOAT consisted of three white males, Mr. Whaley, Mr. Vandenberg, and Mr. Vandergrift. *Id.* ¶ 20. Plaintiff alleges that prior to March 12, 2024, he had three allegations lodged against him for sexual harassment, but each of them was found to be inconclusive, so after

18 months they should have been null and void. *Id.* ¶ 47. Plaintiff contends that Mr. Whaley's decision that he had violated the harassment policy was discriminatory because Mr. Whaley considered the three prior sexual harassment allegations and should not have. *Id.* Plaintiff then alleges that Mr. Vandenberg discriminated against him because Mr. Vandenberg terminated him instead of giving him a written warning pursuant to Southwest's progressive disciplinary policy. *Id.* ¶ 50. Plaintiff does not attach Southwest's policy to his Complaint; nor has he identified any similarly situated non-Black flight attendant who engaged in misconduct yet received more favorable treatment. While Plaintiff only needs to plead the "ultimate elements" of his claims, he has not alleged facts, such as a comparator, that make his Complaint plausible on its face. *See Cicalese v. University of Tex. Med. Branch*, 924 F.3d 762, 766-67 (5th Cir. 2019); *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005) (a plaintiff must demonstrate that a similarly situated employee under nearly identical circumstances was treated differently). Moreover, as aptly stated by the Fifth Circuit, "[a] defendant's failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 346 (5th Cir. 2007) (internal quotation marks and citation omitted). Although *Turner* is a summary judgment case that involves proof, the principle set forth is equally relevant to a 12(b)(6) case in that Plaintiff has not set forth sufficient allegations for the court to reasonably infer that Black employees were treated less favorably than white employees regarding Plaintiff's termination.

Plaintiff has failed to set forth sufficient allegations that would allow the court to infer that that race was a but-for cause of [his] injury." *Comcast Corp.,* 589 U.S. at 333. Under the but-for

cause standard, "a plaintiff must demonstrate that, but for the defendant's unlawful conduct, [his] alleged injury would not have occurred." *Id*. at 332. Plaintiff's allegation that Mr. Vandenberg's reason for terminating him was pretext for race discrimination is conclusory and speculative, and his only other contentions to support discrimination are that Mr. Whaley considered his prior misconduct when he should not have done so, and Mr. Vandenberg did not give him a written warning when Southwest's policy permitted it. Doc. 1 ¶¶ 47 & 50-51. Even viewing these allegations as true, and drawing all reasonable inferences in his favor, Plaintiff fails to plead facts to support his Section 1981(a) claim of race discrimination because he does not allege sufficient facts for the court to draw a reasonable inference that if he were not African American he would have been treated more favorably. In sum, Plaintiff's Complaint is a "bare-bones" and "threadbare" document that fails to meet the standard of *Twombly* and *Iqbal* to state a claim upon which relief can be granted.

**B. Amendment of Pleadings**

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended his pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). In this case, however, Plaintiff has not previously amended his pleadings. Further, Southwest suffers no legal prejudice because it will have the opportunity to respond and file another dispositive motion to the amended pleading. Additionally, there is no repeated failure on Plaintiff's part to cure deficiencies previously identified by the court. Moreover, no scheduling order has been issued by the court. The scheduling order sets, among other things, pretrial deadlines for amending pleadings, joining parties, filing various motions, and submitting documents and exhibits that the parties intend to use at trial. Once a scheduling order is entered, a court must use the more stringent standard of good cause to amend as required by Federal Rule of Civil Procedure 16(b)(4), as opposed to the more liberal standard set forth in Rule 15(a). Under these circumstances, justice requires that Plaintiff be allowed an opportunity to plead consistent with the law as set forth in the court's opinion.

## IV. Conclusion

For the reasons previously stated, the court **grants** Defendant's Motion to Dismiss (Doc. 13). Despite not requesting leave to amend, in keeping with Supreme Court and Fifth Circuit precedent, however, the court will allow Plaintiff leave to amend his claim. There is no indication that he cannot, or is unwilling to, cure the pleading defects the court has identified. Accordingly, Plaintiff is permitted to file an amended pleading no later than **October 19, 2026**. If he fails to cure the pleading deficiencies identified by the court by this date, his action against Southwest is subject to dismissal **with prejudice** pursuant to Federal Rule of Civil Procedure 12(b)(6), or

**without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order.

**It is so ordered** this 28th day of September, 2026.

Sam A. Lindsay
United States District Judge